UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDLE HESTER,<br><br>           Petitioner,<br><br>     v.<br><br>J. SOTO, Warden,<br><br>           Respondents. | Case No. CV 15-8880 JVS(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

   On November 6, 2015, petitioner signed and is deemed to have constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on November 13, 2015. The Petition challenges petitioner's October 2008 conviction in Orange County Superior Court as to which he was sentenced in February 2009. (Petition at 2). Petitioner raises a single claim – that the evidence was insufficient to support gang allegations. (Petition at 5).

   Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by

---

   [1] See Houston v. Lack, 487 U.S. 266, 276, (1988).

the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. Petitioner's conviction became final on May 17, 2011, *i.e.*, ninety (90) days after the California Supreme Court denied his petition for review on February 16, 2011 (Petition at 3)[2] – when petitioner's time to file a petition for certiorari with the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition). Therefore, it appears that the statute of limitations commenced to run on May 18, 2011, and absent tolling, expired on May 17, 2012.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to

---

[2]Although the Petition reflects only that the California Supreme Court denied petitioner's petition for review on an unspecified date in "2011," the California Supreme Court docket for Case No. S189454 – which corresponds to petitioner's petition for review, is publicly available via http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice (see Fed. R. Evid. 201; Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records)) – reflects that the California Supreme Court denied petitioner's petition for review on February 16, 2011.

the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). Here, the Petition does not reflect that petitioner sought post-conviction or other collateral review in state court with respect to the judgment in issue. (Petition at 3).[3] Accordingly, statutory tolling does not render the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Here, it does not appear from the face of the Petition and supporting documents that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "'[A]ctual innocence' means factual innocence,

---

[3]The Court nonetheless notes that the California Supreme Court docket for Case No. S200235 – of which the Court takes judicial notice – reflects that on February 21, 2012, petitioner formally filed a petition for writ of habeas corpus in such court which was denied on June 13, 2012, with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995), In re Waltreus, 62 Cal. 2d 218, 225 (1965), In re Dixon, 41 Cal. 2d 756, 759 (1953), In re Swain, 34 Cal. 2d 300, 304 (1949), and In re Lindley, 29 Cal. 2d 709, 723 (1947). Even assuming such state petition challenged the judgment in issue and the Court afforded statutory tolling during its pendency, or even that the statute of limitations commenced to run upon its denial, this would not impact the outcome of this matter because the instant federal Petition was filed more than three years after such state petition was denied.

not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); Calderon v. Thompson, 523 U.S. 538, 559 (1998); Muth v. Fondren, 676 F.3d 815, 819, 822 (9th Cir.), cert. denied,133 S. Ct. 292 (2012).  "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Perkins, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324; see also Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003) (holding that "habeas petitioners may pass Schlup's test by offering 'newly presented' evidence of actual innocence"), cert. denied, 541 U.S. 998 (2004); Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) ("[A] claim of actual innocence must be based on reliable evidence not presented at trial.").  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; quoting House v. Bell, 547 U.S. 518, 538 (2006)).  On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329).  Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").  Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claim.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claim may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action with prejudice based upon petitioner's claim being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.

DATED: November 16, 2015

                                                      /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE